Michael Zoldan; AZ Bar No. 028128
Jason Barrat; AZ Bar No. 029086
**ZOLDAN LAW GROUP, PLLC**
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
jbarrat@zoldangroup.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Eric Yazzie**, a Texas resident;<br><br>Plaintiff,<br><br>v.<br><br>**Reservation Asset Recovery, LLC**, an Arizona company; **Aaron Look,** an Arizona resident; **Irene Buchholz,** an Arizona resident; **Steve Hoover,** an Arizona resident; **Jennifer Hoover,** an Arizona resident; and **Ricardo Rocha,** an Arizona resident;<br><br>Defendants. | Case No.<br><br>**VERIFIED COMPLAINT**<br><br>**(Jury Trial Requested)** |

Plaintiff Eric Yazzie ("**Plaintiff**"), for his Verified Complaint against Defendants; Reservation Asset Recovery, LLC; Aaron Look; Irene Buchholz; Steve Hoover; Jennifer Hoover; and Ricardo Rocha (**"Defendants"**), hereby alleges as follows:

## NATURE OF THE CASE

1. Plaintiff brings this action against Defendants for their unlawful failure to pay minimum wage and overtime in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**"); failure to pay Arizona minimum wage in violation of

A.R.S. §§ 23-362 - 23-364 ("**Arizona Minimum Wage Statute**" or "**AMWS**"); and failure to make timely payment of wages under the Arizona Wage Statute, A.R.S. §§ 23-350 – 23-355 ("**Arizona Wage Statute**" or "**AWS**").

2. This action is also brought to recover overtime and minimum wage compensation, liquidated or double damages, treble damages, and statutory penalties resulting from Defendants' violations of the FLSA and AMWS.

3. This action is also brought to recover unpaid wages, treble damages, and statutory penalties resulting from Defendants' violations of the Arizona Wage Statute.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona.

6. Plaintiff was employed by Defendants in this District.

## PARTIES

7. At all relevant times to the matters alleged herein, Plaintiff resided in the District of Arizona.

8. Plaintiff was a full-time employee of Defendants from on or around August 27, 2021, until on or around October 7, 2021 ("**all relevant times**").

9. At all relevant times to the matters alleged herein, Plaintiff was an employee of Defendants as defined by 29 U.S.C. § 203(e)(1).

10. At all relevant times to the matters alleged herein, Plaintiff was an employee

of Defendants as defined by A.R.S. § 23-362(A).

11. At all relevant times, Plaintiff was an employee Defendant Reservation Asset Recovery, LLC as defined by A.R.S. § 23-350(2).

12. Defendant Reservation Asset Recovery, LLC is a company authorized to do business in Arizona.

13. At all relevant times to the matters alleged herein, Defendant Reservation Asset Recovery, LLC was Plaintiff's employer as defined by 29 U.S.C. § 203(d).

14. At all relevant times to the matters alleged herein, Defendant Reservation Asset Recovery, LLC was Plaintiff's employer as defined by A.R.S. § 23-362(B).

15. At all relevant times to the matters alleged herein, Defendant Reservation Asset Recovery, LLC was Plaintiff's employer as defined by A.R.S. § 23-350(3).

16. Defendant Aaron Look is an Arizona resident.

17. Defendant Aaron Look has directly caused events to take place giving rise to this action.

18. Defendant Aaron Look is an owner of Reservation Asset Recovery, LLC.

19. Defendant Aaron Look is a manager of Reservation Asset Recovery, LLC.

20. Defendant Aaron Look is an employer of Reservation Asset Recovery, LLC.

21. Defendant Aaron Look is a member of Reservation Asset Recovery, LLC.

22. Defendant Aaron Look has been at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

23. Defendant Aaron Look has been at all relevant times Plaintiff's employer as defined by A.R.S. § 23-362(B).

24. The FLSA defines "employer" as any individual who acts directly or

indirectly in the interest of an employer in relation to an employee. Therefore, under the FLSA, Defendant Aaron Look is an employer.

25. Defendant Aaron Look had the authority to hire and fire employees.

26. Defendant Aaron Look had the authority to hire and fire Plaintiff.

27. Defendant Aaron Look interviewed and hired Plaintiff.

28. Defendant Aaron Look supervised and controlled Plaintiff's work schedules or the conditions of Plaintiff's employment.

29. Plaintiff texted and called Defendant Aaron Look when he was having issues with his pay.

30. Defendant Aaron Look determined the rate and method of Plaintiff's payment of wages.

31. As a person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Defendant Aaron Look is subject to individual and personal liability under the FLSA.

32. Defendant Irene Buchholz is an Arizona resident.

33. Defendant Irene Buchholz has directly caused events to take place giving rise to this action.

34. Defendant Irene Buchholz is an owner of Reservation Asset Recovery, LLC.

35. Defendant Irene Buchholz is a manager of Reservation Asset Recovery, LLC.

36. Defendant Irene Buchholz is an employer of Reservation Asset Recovery, LLC.

37. Defendant Irene Buchholz is a member of Reservation Asset Recovery, LLC.

38. Defendant Irene Buchholz has been at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

39. Defendant Irene Buchholz has been at all relevant times Plaintiff's employer as defined by A.R.S. § 23-362(B).

40. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Therefore, under the FLSA, Defendant Irene Buchholz is an employer.

41. As a person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Defendant Irene Buchholz is subject to individual and personal liability under the FLSA.

42. Defendant Steve Hoover is an Arizona resident.

43. Defendant Steve Hoover has directly caused events to take place giving rise to this action.

44. Defendant Steve Hoover is an owner of Reservation Asset Recovery, LLC.

45. Defendant Steve Hoover is a manager of Reservation Asset Recovery, LLC.

46. Defendant Steve Hoover is an employer of Reservation Asset Recovery, LLC.

47. Defendant Steve Hoover is a member of Reservation Asset Recovery, LLC.

48. Defendant Steve Hoover has been at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

49. Defendant Steve Hoover has been at all relevant times Plaintiff's employer as defined by A.R.S. § 23-362(B).

50. The FLSA defines "employer" as any individual who acts directly or

indirectly in the interest of an employer in relation to an employee. Therefore, under the FLSA, Defendant Steve Hoover is an employer.

51. As a person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Defendant Steve Hoover is subject to individual and personal liability under the FLSA.

52. Defendant Jennifer Hoover is an Arizona resident.

53. Upon reasonable belief, during Plaintiff's employment with Defendants, Defendant Jennifer Hoover and Defendant Steve Hoover were legally married.

54. Defendant Jennifer Hoover and Defendant Steve Hoover have caused events to take place giving rise to this action as to which their marital community is fully liable.

55. Under the principle of marital community property, actions by one individual are imputed on the marital community property.

56. Defendant Ricardo Rocha is an Arizona resident.

57. Defendant Ricardo Rocha has directly caused events to take place giving rise to this action.

58. Defendant Ricardo Rocha is an owner of Reservation Asset Recovery, LLC.

59. Defendant Ricardo Rocha is a manager of Reservation Asset Recovery, LLC.

60. Defendant Ricardo Rocha is an employer of Reservation Asset Recovery, LLC.

61. Defendant Ricardo Rocha is a member of Reservation Asset Recovery, LLC.

62. Defendant Ricardo Rocha has been at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

63. Defendant Ricardo Rocha has been at all relevant times Plaintiff's employer

as defined by A.R.S. § 23-362(B).

64. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Therefore, under the FLSA, Defendant Ricardo Rocha is an employer.

65. As a person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Defendant Ricardo Rocha is subject to individual and personal liability under the FLSA.

66. Plaintiff further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

67. Defendants, and each of them, are sued in both their individual and corporate capacities.

68. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

69. Plaintiff has a good faith reasonable belief that in his work for Reservation Asset Recovery, LLC, he was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2021.

70. At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

71. At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

72. Plaintiff, in his work for Defendants, regularly handled goods produced and transported in interstate commerce.

73. Plaintiff would regularly use a company tablet to correspond with dispatch.

74. Under the FLSA, Plaintiff is a covered employee under individual coverage.

75. Under the FLSA, Plaintiff is a covered employee under enterprise coverage.

## FACTUAL ALLEGATIONS

76. Defendant Reservation Asset Recovery, LLC is an auto repossession company.

77. On or around August 27, 2021, Plaintiff Eric Yazzie commenced employment with Defendants as an auto recovery agent.

78. Plaintiff's primary job duties included picking up vehicles, emailing paperwork to dispatch, communicating with police, and processing the vehicles.

79. Plaintiff was a non-exempt employee.

80. Plaintiff was supposed to be paid $16.50 an hour plus commissions.

81. Plaintiff estimates that he is also owed his final paycheck and commissions in the amount of $1,300.

82. Plaintiff estimates that during the workweek of October 1, 2021, he worked approximately 47 hours and was not paid for this.

83. Plaintiff estimates that he is owed 40 hours at $16.50 per hour = $660.

84. Plaintiff estimates that he is owed 7 hours of overtime at $24.75 = $173.25.

85. Plaintiff estimates that he is owed around $466.75 in commissions.

86. Therefore, because he received $0.00 for his last paycheck for hours worked, an FLSA, AMWS, and AWS violation has occurred.

87. Defendants failed to properly compensate Plaintiff for all his overtime and regular hours.

88. Plaintiff worked in excess of 40 hours per week.

89. Plaintiff was not provided with the required one and one-half times pay premium as required by the FLSA for all his worked overtime hours.

90. Defendants were aware that Plaintiff's working hours exceeded 40 hours.

91. Defendants required him to work overtime as a condition of his employment.

92. Defendants wrongfully withheld wages from Plaintiff by failing to pay all wages due on his next paycheck.

93. Defendants refused and/or failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

94. Defendants failed to post and keep posted in a conspicuous place the required poster / notice explaining his employee rights under the FLSA pursuant to 29 C.F.R. § 516.4.

95. Defendants' failure and/or refusal to compensate Plaintiff at the rates and amounts required by the FLSA were willful.

**COUNT I**
**(FAILURE TO PAY MINIMUM WAGE – FLSA – 29 U.S.C. § 206)**

96. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

97. At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA.

98. Plaintiff was an employee entitled to the statutorily mandated minimum wage.

99. Defendants have intentionally failed and/or refused to pay Plaintiff minimum wage according to the provisions of the FLSA.

100. As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving compensation in accordance with 29 U.S.C.§ 206.

101. In addition to the amount of unpaid minimum wages owed to Plaintiff, he is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

102. Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful.

103. Defendants knew Plaintiff was not being compensated full minimum wages for time worked.

104. Defendants knew their failure to pay minimum wage was a violation of the FLSA.

105. Defendants have not made a good faith effort to comply with the FLSA.

106. Plaintiff is also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

## COUNT II
### (FAILURE TO PAY OVERTIME WAGES – FLSA – 29 U.S.C. § 207)

107. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

108. At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA.

109. Plaintiff is an employee entitled to the statutorily mandated overtime wages.

110. Defendants have intentionally failed and/or refused to pay Plaintiff overtime wages according to the provisions of the FLSA.

111. As a direct result of Defendants' violations of the FLSA, Plaintiff has

suffered damages by not receiving compensation in accordance with 29 U.S.C. § 207.

112.  In addition to the amount of unpaid overtime wages owed to Plaintiff, he is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

113.  Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful.

114.  Defendants knew Plaintiff was not being compensated overtime for time worked in excess of 40 hours in a given workweek and failed to pay proper overtime wages.

115.  Defendants knew their failure to pay overtime wages was a violation of the FLSA.

116.  Defendants have not made a good faith effort to comply with the FLSA.

117.  Plaintiff is also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

**COUNT III**
**(FAILURE TO PAY MINIMUM WAGE – ARIZONA MINIMUM WAGE STATUTE)**

118.  Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

119.  At all relevant times, Plaintiff was employed by Defendants within the meaning of the Arizona Minimum Wage Statute.

120.  Defendants intentionally failed and/or refused to pay Plaintiff full minimum wages according to the provisions of the Arizona Minimum Wage Statute.

121.  In addition to the amount of unpaid minimum wage owed to Plaintiff, he is entitled to recover an additional amount equal to twice the underpaid wages and interest

pursuant to A.R.S. § 23-364(g).

122. Plaintiff is also entitled to an award of attorneys' fees and costs pursuant to A.R.S. § 23-364(g).

## COUNT IV
## (FAILURE TO TIMELY PAY WAGES DUE – ARIZONA WAGE STATUTE)
## (AGAINST ENTITY DEFENDANT RESERVATION ASSET RECOVERY, LLC ONLY)

123. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

124. At all relevant times, Plaintiff was employed by Defendant Reservation Asset Recovery, LLC within the meaning of the Arizona Wage Statute.

125. Defendant Reservation Asset Recovery, LLC was aware of its obligation to pay timely wages pursuant to A.R.S. § 23-351.

126. Defendant Reservation Asset Recovery, LLC was aware that, under A.R.S. § 23-353, it was obligated to pay all wages due to Plaintiff.

127. Defendant Reservation Asset Recovery, LLC failed to timely pay Plaintiff his wages due without a good faith basis for withholding the wages.

128. Defendant Reservation Asset Recovery, LLC has willfully failed and refused to timely pay wages due to Plaintiff.

129. As a result of Defendant Reservation Asset Recovery, LLC's unlawful acts, Plaintiff is entitled to the statutory remedies provided pursuant to A.R.S. § 23-355.

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays:

A. For the Court to declare and find that the Defendants committed the

following acts:

　　i. violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

　　ii. willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

　　iii. violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

　　iv. willfully violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

　　v. violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

　　vi. willfully violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

　　vii. willfully violated the Arizona Wage Statute by failing to timely pay all wages due to Plaintiff;

B. For the Court to award compensatory damages, including liquidated or double damages, and / or treble damages, to be determined at trial;

C. For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

D. For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), A.R.S. § 23-364(g), and all other causes of action set

forth herein;

F. Any other remedies or judgments deemed just and equitable by this Court.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED November 17, 2021.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Jason Barrat
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Attorneys for Plaintiff

**VERIFICATION**

Plaintiff Eric Yazzie declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and belief, and as to those matters, he believes them to be true.

_____
Eric Yazzie